**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

**JOHN R. GRABOWSKI,**

     **Plaintiff,**

**v.**                                          **Civil Action No.** 2:17-cv-04633

**TELGIAN CORPORATION,**

     **Defendant.**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Telgian Corporation ("Telgian" or "Defendant") gives Notice of Removal of the above-captioned matter, Civil Action No. 17-C-1486, formerly pending in the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia. In support of removal, Defendant states as follows:

### I.  Factual Background

1.     On or about October 30, 2017, Plaintiff filed a single-plaintiff employment action against Defendant in the Circuit Court of Kanawha County, West Virginia.

2.     The Complaint was served on counsel for Defendant – by agreement of counsel – via e-mail on December 1, 2017 along with Plaintiff's First Set of Interrogatories and Requests for Production of Documents to Defendant, Telgian Corporation.

3.     Plaintiff's Complaint purports to set forth claims for (1) discrimination and/or retaliation under West Virginia Code § 23-5A-1, *et seq.*; (2) disability discrimination under West Virginia Code § 5-11-1, *et seq.*; (3) failure to accommodate under West Virginia Code § 5-11-1, *et seq.*; and (4) wrongful/retaliatory discharge in violation of the public policy as set forth in West Virginia Code § 5-11-1, *et seq.*

4.     No further substantive proceedings have taken place in this action since the receipt of the Complaint by Defendant.

5.     Under 28 U.S.C. § 1446(a), copies of all process and pleadings served upon Defendant, along with a copy of the State Court Docket Sheet, are attached as **Exhibit A**.

## II. Diversity Jurisdiction Exists

6.     This action is removable under 28 U.S.C. § 1441(a) because the United States District Court has original jurisdiction under 28 U.S.C. § 1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between – (1) citizens of different states."

7.     **The amount in controversy exceeds $75,000.** Plaintiff's Complaint does not claim a specific sum. When determining the amount in controversy, "a court looks to the totality of the circumstances, including the complaint, the type and extent of the plaintiff's injuries, the amounts awarded in similar cases, and losses incurred to date of removal. Properly analyzed, a court is not to use this information to estimate the amount a jury would award the plaintiff assuming he prevails, but rather to estimate what a reasonable plaintiff would demand or claim." *See Scaralto v. Ferrell,* 826 F. Supp. 2d 960, 968 (S.D.W. Va. 2011).

8.     Plaintiff alleges that "[a]s the direct and proximate result of Telgian's acts and/or omissions, Mr. Grabowski has suffered and will continue to suffer economic damages, including past, present, and future lost wages and benefits...." Additionally, it is alleged that Mr. Grabowski "has suffered and will continue to suffer emotional damages, including humiliation, mental pain and suffering, emotional distress, and embarrassment...." (*See* Exhibit A, Compl. at ¶¶ 55-56) For the purported losses Plaintiff identifies in his Complaint, he seeks an award of "back pay, front pay, damages for indignity, embarrassment, humiliation, annoyance,

inconvenience, emotional distress, and punitive damages..." (*Id.* at pg. 9) Accordingly, while Defendant denies the validity of Plaintiff's claims as well as Plaintiff's entitlement to the damages he seeks, Defendant acknowledges that Plaintiff believes the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000, thus exceeding the jurisdictional amount of $75,000 set forth in 28 U.S.C. § 1332(a).

9.      Based on the foregoing, "competent proof" exists, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Asbury-Casto v. GlaxoSmithKline, Inc.*, 352 F. Supp. 2d 729, 731 (N.D.W. Va. 2005) (quoting *Chase v. Shop 'N Save Warehouse Foods*, 110 F.3d 424, 427 (7th Cir. 1997)). Therefore, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

10.      **This action is between citizens of different states.**  Plaintiff's Complaint alleges that Plaintiff is an adult individual who resided in West Virginia during his employment and at the time of his termination. (*See* Exhibit A, Compl. at ¶ 1)

11.      Plaintiff is currently a resident of North Carolina. (*Id.* at ¶ 1)

12.      Defendant is a California corporation with a principal place of business located at 10230 S. 50th  Place, Suite 100, Phoenix, Arizona, 85044.  (*See Id.* at ¶ 2; *see also* "West Virginia Secretary of State Organization Information," which is attached as **Exhibit B**).

13.      Therefore, this Court has original jurisdiction, under 28 U.S.C. § 1332 because the parties are completely diverse, and the amount in controversy exceeds $75,000. Both the complete diversity and the amount in controversy in excess of $75,000 exist as of the date of this Notice of Removal.

### III. Removal to this District is Proper

14.      Defendant has complied with all provisions of 28 U.S.C. § 1446 governing the process for removal.

15.     For the reasons outlined above, Plaintiff's claim is an action over which the District Court of the United States has original jurisdiction pursuant to 28 U.S.C. § 1332, and is therefore properly removable pursuant to 28 U.S.C. § 1441(a) to the District Court of the United States embracing the place where such action is pending.

**IV.     Conclusion**

16.     Under 28 U.S.C. § 1446(d), a copy of this Notice of Removal, with a Notice of the Filing of the Notice of the Removal, will be sent to counsel for Plaintiff and filed with the Clerk for the Circuit Court of Kanawha County, West Virginia. A copy of the Notice of Filing of Notice of Removal is attached as **Exhibit C**.

17.     By filing this Notice of Removal, Defendant waives no available defenses.

WHEREFORE, Defendant Telgian Corporation prays that the aforementioned civil action be removed from the Circuit Court of Kanawha County, West Virginia to the United States District Court for the Southern District of West Virginia, and that the Circuit Court of Kanawha County, West Virginia proceed no further with said action.

Respectfully submitted this 29th day of December, 2017.

**TELGIAN CORPORATION,**

**By Counsel**

s/ Joseph U. Leonoro
Joseph U. Leonoro (WVSB #10501)
*Attorney for Defendant*
Steptoe & Johnson PLLC
P.O. Box 1588
Charleston, WV 25326-1588
Telephone: (304) 353-8000
Facsimile: (304) 353-8180
Email: Joseph.Leonoro@Steptoe-Johnson.com

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**JOHN R. GRABOWSKI,**

>   **Plaintiff,**

**v.**                                                                       **Civil Action No.** 2:17-cv-04633

**TELGIAN CORPORATION,**

>   **Defendant.**

**CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing **Defendant's Notice of Removal** with the Clerk of the Court using the CM/ECF system and certify that I served a copy of the foregoing **Defendant's Notice of Removal** on the following counsel of record via United States mail, postage prepaid, this the 29th day of December, 2017:

>   Michael P. Addair, Esq.
>   Todd S. Bailess, Esq.
>   Bailess Smith PLLC
>   120 Capitol Street
>   Charleston, WV 25301

>   s/ Joseph U. Leonoro
>   Joseph U. Leonoro (WVSB #10501)
>   *Attorney for Defendant*
>   Steptoe & Johnson PLLC
>   P.O. Box 1588
>   Charleston, WV 25326-1588
>   Telephone: (304) 353-8000
>   Facsimile: (304) 353-8180
>   Email: Joseph.Leonoro@Steptoe-Johnson.com

5